# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. ASHLEY JAMES ROBINSON, Defendant. | Case No. 1:23-cr-0008 JNP<br><br>STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY<br><br>Judge Jill N. Parrish |

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

MAR 27 2023

GARY P. SERDAR
CLERK OF COURT

BY _____
DEPUTY CLERK

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and reviewing this form:

1. I intend to plead guilty to Counts One through Four of the Information. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the United States is required to prove in order to convict me. The elements of Counts One through Four, Evasion of Assessment of Income Tax, in violation of 26 U.S.C. § 7201, are:

> First, there was a substantial deficiency in tax due and owing;
>
> Second, I intended to evade or defeat the assessment of that tax;
>
> Third, I committed an affirmative act in furtherance of that intent; and
>
> Fourth, I acted willfully.

2. I know that the maximum possible penalty provided by law for Counts One through Four of the Information, a violation of 26 U.S.C. § 7201, is a term of imprisonment of five years, a fine of $~~250,000~~ 100,000, a term of supervised release of three years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

   a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victim of my offenses may be ordered pursuant to 18 U.S.C. § 3663.

   b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

   a. I have a right to the assistance of counsel at every stage of the proceeding.

   b. I have a right to see and observe the witnesses who testify against me.

   c. My attorney can cross-examine all witnesses who testify against me.

d. I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

g. The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.

h. It requires a unanimous verdict of a jury to convict me.

i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence.

9. I know that, under 18 U.S.C. § 3742(c)(2), the United States may appeal my sentence.

10. I know that under a plea of guilty, the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

At all times relevant to this plea of guilty, I was a resident of the State of Utah where I prepared and filed the below described tax returns.

Count I: For the tax year of 2016, I attempted to evade the assessment of tax by underreporting my income to the Internal Revenue Service by $161,521. This resulted in me underpaying my taxes in the amount of $56,532.

Count II: For the tax year of 2017, I attempted to evade the assessment of tax by underreporting my income to the Internal Revenue Service by $393,168. This resulted in me underpaying my taxes in the amount of $151,590.

Count III: For the tax year of 2018, I attempted to evade the assessment of tax by underreporting my income to the Internal Revenue Service by $479,420. This resulted in me underpaying my taxes in the amount of $172,250.

Count IV: For the tax year of 2019, I attempted to evade the assessment of tax by underreporting my income to the Internal Revenue Service by $129,709. This resulted in me underpaying my taxes in the amount of $46,773.

12. **Restitution.**

a. I understand that the court will order that I pay restitution to the Internal Revenue Service ("IRS") pursuant to 18 U.S.C. § 3663(a)(3). I agree that the total amount of restitution, including any amount calculated as a result of uncharged relevant conduct includes but does not exceed $485,982.00.

13. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

\* \* \* \*

I make the following representations to the Court:

1. I am 58 years of age. My education consists of 16 years. I can read and understand English.

2. No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea.

3. No one has told me that I would receive probation or any other form of leniency because of my plea.

4. I have discussed this case and this plea with my lawyer as much as I wish to.

5. I am satisfied with my lawyer.

6. My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case, and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when the decision to enter the plea was made and I am not now under the influence of any drugs, medication, or intoxicants.

7. I have no mental reservations concerning the plea.

8. I understand and agree to all the above. I know that I am free to change or delete anything contained in this statement. I wish to make no changes because all the statements are correct.

DATED this 23rd day of March, 2023

_____
ASHLEY JAMES ROBINSON
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 23rd day of March, 2023.

BENJAMIN A. HAMILTON
Attorney, Federal Public Defender