TRINA A. HIGGINS, United States Attorney (#7349)
BORIS BOURGET, Trial Attorney, Dept. of Justice, Tax Division (MD# 2109080015)
CHRISTOPHER LIN, Trial Attorney, Dept. of Justice, Tax Division (NY# 5028618)
BRYAN N. REEVES, Assistant United States Attorney (DC# 994799)
Attorneys for the United States of America
111 South Main Street, Suite 1800 | Salt Lake City, Utah 84111
Telephone: (801) 524-5682

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ASHLEY JAMES ROBINSON,<br><br>Defendant. | Case No. 23-CR-00008-JNP<br><br>**UNOPPOSED MOTION FOR A PROTECTIVE ORDER** |

## MOTION

The United States hereby moves the Court to enter a protective order related to the disclosure of evidence in this investigation, pursuant to Federal Rule of Criminal Procedure 16(d)(l). Counsel for the defendant is unopposed to this motion. Specifically, the United States moves the Court to enter an order precluding the defendant and his

1

counsel from making disclosures of the evidence included in the United States' discovery, other than as necessary to prepare for sentencing in this matter. The purpose of the protective order is to prevent the unauthorized dissemination, distribution, or use of such materials containing the personal identifying information (PII) of third parties.

1. During the United States' investigation, it obtained additional records, including bank records, financial records, employment records and other information of third-party employees. Specifically, these unredacted records contain PII of third parties, as well as taxpayer information related to Defendant as defined by 26 U.S.C. § 6103(b)(2). Under Section 6103(h)(2), such return information may be disclosed in a federal judicial proceeding when the taxpayer at issue is a party to the proceedings or such proceedings arise "out of, or in connection with, determining the taxpayer's civil or criminal liability."

2. The United States intends to produce unredacted copies of these materials to Counsel for the Defendant in addition to the discovery already produced. All such materials are intended solely for the use of the defendant, his attorney, or other individuals or entities acting within the attorney-client relationship to prepare for the presentence investigation report and sentencing hearing in this case.

3. Defendant, his attorney, and all other individuals or entities who receive materials in this case are prohibited from directly or indirectly providing access to, or

otherwise disclosing the contents of, these materials to anyone not working on the presentence investigation report and sentencing hearing, or otherwise making use of the materials in a manner unrelated to the defendant's sentencing.

4. Defendant, his attorney, and all other individuals or entities who receive materials in this case shall maintain all materials received from the United States in a manner consistent with the terms and conditions of the protective order.

5. Materials produced to the defense shall be stored in a secure manner by defense counsel in boxes, files, or folders marked "UNDER PROTECTIVE ORDER - DO NOT DISCLOSE." Electronic materials produced to the defense and printouts obtained from electronic materials shall be handled in the same manner.

7. Defendant and his attorney are required to give a copy of the protective order to all individuals or entities engaged or consulted by defense counsel in preparation for the presentence investigation report and sentencing hearing. A knowing and willful violation of this protective order by the defendant, his attorney, or others may result in contempt of court proceedings or other civil or criminal sanctions.

8. Within 90 days of the conclusion of this case, including all related appeals, all documents produced pursuant to this protective order, and all copies thereof (other than exhibits of the Court), shall be returned to the Department of Justice Tax Division or the United States Attorney's Office for the District of Utah. Alternatively, the

defendant's attorney may inform the undersigned in writing that all such copies have been destroyed.

6. Therefore, the United States seeks to provide unredacted discovery to counsel for the defendant pursuant to a protective order under the following terms and conditions:

    a. The United States provides Counsel for the Defendant with unredacted copies of the additional discovery including documents that contain PII of third parties and taxpayer return information as defined by 26 U.S.C. § 6103.

    b. The unredacted discovery produced pursuant to this order shall not be disclosed or made available for inspection or copying to any person, other than as outlined and permitted above.

    c. Additional unredacted discovery provided pursuant to this order may be further disclosed to the following people: (a) associates, secretaries, paralegals, private investigators, and other employees or independent contractors of such attorneys to the extent necessary to render professional services in this criminal prosecution; and (b) court officials involved in this case.

    d. Copies of this discovery may be furnished to the defendant only after appropriate redaction of the third-party PII (dates of birth, social security numbers, home addresses, and telephone numbers).

    e. Persons obtaining access to the discovery produced pursuant to this order shall use the information only for and in preparation of the presentence investigation report and sentencing hearing.

    f. Within 90 days of the conclusion of this case, all unredacted discovery produced pursuant to this order and all copies thereof (other than exhibits of the court) shall be returned to the United States Attorney's Office. Alternatively, counsel for the defendants may inform the United States Attorney's Office in writing that all such copies have been destroyed.

    g. Counsel for the defendant is responsible for employing reasonable measures to control duplication of, and access to, the unredacted discovery.

    h. The terms and conditions of this order governing disclosure and use of the discovery shall not terminate at the conclusion of this criminal prosecution.

7. In order to balance the need for privacy with the need for disclosure, the United States requests that the Court enter the attached proposed order. Counsels for the United States furnished Counsel for the Defendant with a copy of the motion and

//

proposed order via email on June 29, 2023.  Counsel for the Defendant indicated that he has no objection and is unopposed to this motion and proposed order.

Respectfully submitted,

/s/ Bryan N. Reeves

BRYAN N. REEVES,
Assistant United States Attorney
Attorney for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682
Email: bryan.reeves@usdoj.gov